IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND MORGAN, #336-174      *

        Plaintiff      *

   v.      *      Civil Action No. GLR-14-341

WARDEN      *

        Defendant      *

        ***

## MEMORANDUM

The Court notified Plaintiff Raymond Morgan ("Morgan") that because the pleading filed by the Office of the Attorney General constitutes a substantive response to his Complaint for injunctive relief and is accompanied by declarations, it will be treated as a motion for summary judgment. Pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Morgan, who is self-represented, was notified that he was entitled to file an opposition response, with supporting materials. Morgan filed a supplement to the Complaint and a self-styled "Motion for Summary." ECF Nos. 6 and 10. The matter is ready for disposition and a hearing is deemed unnecessary. See Local Rule 105.6 (D. Md. 2011).

## BACKGROUND

Morgan, an inmate at Eastern Correctional Institution ("ECI"), claims the Crips gang has a "hit" on him and unidentified ECI staff are colluding with the Crips to harm or kill him. According to Morgan, he was in a fight with a Crips member in 2009,[1] while both were housed at the Maryland Correctional Training Center ("MCTC"). As a result, Morgan claims he remains at risk of harm. Morgan was transferred from MCTC to ECI after the incident, but claims he is

---

[1] Prison officials believe that the incident occurred on July 20, 2012, and involved inmate Jerod Pridget. (Ex. 1 at 5; Ex. 2 ¶3).

not safe at ECI. Morgan claims ECI staff ignore his requests for protection and will not permit him to speak to "intell" personnel about his concerns. ECF Nos. 1, 6 & 10. As relief, he appears to request protective custody housing.

## FACTS

Sgt. Michelle Switalski, ECI Litigation Coordinator, and Karl Endlich, an ECI Correctional Case Manager responsible for Morgan, have submitted declarations (Exs. 1 & 2) attesting to the following facts. At the time Morgan transferred to ECI on August 9, 2013, he expressed suicidal ideations and was, therefore, placed in the Administrative Segregation Observation Area ("ASOA") on suicide watch. Ex. 1 ¶ 3.[2] On September 6, 2013, Morgan was transferred to Patuxent Institution.

On September 24, 2013, Morgan returned to ECI. Dr. Howard Pinn reviewed Morgan's Patuxent Institution records, and determined he should be "housed normally." Ex. 1 ¶ 5 & p. 5. The same day, Morgan was placed on observation after he told the ECI booking officer that he was suicidal. Ex. 1 at 3 (e-mail from Dr. Pinn to Michelle Switalski); Ex. 2 ¶ 7.

On October 4, 2013, Morgan was released to general housing. He refused his housing assignment, received an adjustment violation, and was placed in administrative segregation housing pending his adjustment hearing. ECF No. 1, Ex. 1 ¶¶ 7-8; Ex. 2 ¶ 9. Subsequently, Morgan was found guilty of refusing housing and sanctioned. Ex. 1 ¶ 9.

As of February 24, 2014, Morgan has not engaged in any physical altercations with inmates or officers at ECI. Id. ¶ 10. No enemies listed in Morgan's base file or in the Criminal Justice Information System are currently housed at ECI. Id. ¶ 11. After Morgan completes his disciplinary segregation housing sanction, scheduled for April 4, 2014, he will be assigned to a housing unit that does not include any known members of the Crips. Id. ¶ 14, Ex. 2 ¶ 15. Due to

---

[2] All exhibits in this case were filed by counsel for the State and are docketed at ECF No. 5.

Morgan's safety concerns, his case was reviewed for protective custody eligibility. Morgan was determined not to qualify for protective custody status. Id. ¶ 13.

## ANALYSIS

A preliminary injunction is an extraordinary and drastic remedy. See Munaf v. Geren, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Morgan provides no evidence that he is likely to prevail on the merits or that he is likely to suffer irreparable harm. His allegations of danger are speculative, generally stated, and without factual support. For example, Morgan fails to provide the names of the individuals who have threatened him, the times or places when these threats occurred, or allegations of fact to support why he believes ECI staff have colluded with Crips members in an effort to cause him harm. The evidence presented demonstrates that Morgan's concerns have been reviewed by corrections staff and determined to be without merit. The balance of equities is not in his favor and there is no demonstration that an injunction would serve the public interest.

Summary judgment is appropriate when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue

for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." Id. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. See Celotex Corpo. v. Catrett, 477 U.S. 317, 322–23 (1986). In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654 (1962)).

Corrections officials have considered Morgan's concerns, determined that he has no known enemies at ECI, and indicate that he will not be celled with a member of the Crips. Even when the facts are considered in the light most favorable to him, Morgan provides fails to show there is a genuine issue as to any material fact. Thus, summary judgment will be entered in favor of Defendant as a matter of law.

## CONCLUSION

For these reasons, the Court will deny emergency injunctive relief and grant summary judgment in favor of Defendant. A separate Order follows.

March 26, 2014                                             /s/
                                                           _____
                                                           George L. Russell, III
                                                           United States District Judge

4